Weigelman v Bronger.

CASE 24—PETITION EQUITY—NOVEMBER 15.

# Weigelman v. Bronger.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. BENEFIT SOCIETIES—BENEFICIARY HAVING NO INSURABLE INTER-
EST.—Under the charter of the American Mutual Aid Society, which
provides that, upon the death of a member, " the beneficiary or proper
representative of the deceased member " shall receive a benefit not to
exceed a certain sum, if a member designates as beneficiary one who
has no insurable interest in his life, the benefit goes to the widow and
children of the member, if any, they, and not his personal representa-
tive, being " the proper representative " of the deceased member
within the meaning of the charter.

2. CONCLUSIVENESS OF JUDGMENT.—The widow in this case was not
bound by a judgment in favor of the designated beneficiary against
the society, she not being a party to the action in which the judgment
was rendered.

JAS. E. GAITHER AND STONE & SUDDUTH FOR APPELLANT.

1. Appellant is not bound by a judgment in an action by appellee against

Weigelman v. Bronger.

the American Mutual Aid Society, as she was neither a party to the action nor a privy of any of the parties thereto. (Bergman v. Hutchison, 60 Miss., 872; Memphis & St. L. Packet Co. v. Gray, 9 Bush, 137; Doyle v. Armstrong, 2 Duvall, 534; Alexander v. Slavens, 7 B M., 356; 1 Black on Judgments, 260; Safford v. Weare, 142 Mass, 231; Warwick v. Petty, 4 N. J. Law, 542.)

2. The allegations of appellant's pleadings that appellee had no insurable interest in the life of her husband, and that the alleged debt was a gambling debt, must be taken as true on demurrer of appellee to appellant's pleadings. The appellee is, therefore, not entitled to the insurance. (Gen. Stat., art. 1, chap. 47; Acts 1883-4, vol. 1, p. 152.)

3. When for any cause the beneficiary can not take, the policy is not void, but the "proper representative" is entitled to take in view of the purpose of the organization of the society to "provide financial aid to the widows, heirs, legatees and assigns of its deceased members." (Acts 1879-80, vol 1, p. 1; Acts 1877-8, vol. 1, p. 8; Acts 1883-4, vol. 1, p. 152; Sedgwick on Construction of Statutes, 2 Ed.; Ky. Granger's Mut. Benefit Society v. McGregor, 7 Ky. Law Rep., 750.)

4. Sec. 10 of Act of 1884, having been passed to regulate the designation of beneficiaries to those having an insurable interest, and not being repugnant to sec. 5 of Act of 1880, the latter is not repealed thereby. (Sutherland on Statutory Construction, sec. 138.)

5. Appellant, and not the personal representative, should take as "proper representative" of deceased, as the fund could not in any event be used for the payment of debts. (N. Y. Mut. Life Ins. Co. v. Armstrong, 117 U. S., 597; Zaegel v. Kuester, et. al, 51 Wis., 39; Commonwealth v. Bryan, 6 Sergeant & Rawle, 80; Acts 1877-8, vol. 1, p. 8.)

LANE & BURNETT AND O'NEAL, PHELPS & PRYOR FOR APPELLEE.

1. Though appellant was not in name a party to the action by appellee against the American Mutual Aid Society, she is as much bound by the judgment as if she had been an actual party by name, as all stockholders and creditors are bound by a judgment by or against a corporation.

2. The benefits of the insurance shall not be liable for debts where a beneficiary has been designated, and the rights of the beneficiary can not be impaired or altered by the insured or the corporation. (Robinson v. Duvall, 79 Ky., 83; Weisert v. Muehl, 81 Ky., 339; Gould v. Emerson, 99 Mass., 154; Eadie v. Stemmon, 26 N. Y., 9; Conn. M. L. I. Co. v. Borroughs, 7 Robt., 155; Gosling v. Caldwell, 1 Lea, 454; Caugh v. St. L. M. L. I. Co., 88 Ill., 252; Kentucky v. Miller, 13 Bush, 489; Kentucky v. McGregor, 7 Ky. Law Rep., 750; Gibson v. Ky., 8 Ky. Law Rep., 520; Kentucky v. Howe, 9 Ky. Law Rep., 198; American Mutual Aid Society v. Bronger, 91 Ky., 406.)

3 Appellant, as widow of deceased, can not take as his "proper representative," for that right would accrue to his personal representative. (Acts 1878, vol. 1, p. 8; Acts 1879–80, vol. 1, p. 1; Acts 1883–4, vol. 1, p. 152; Act Mar., 1870, Insurance Dep.; Stockdale v. Nicholson, L. R., 4 Equity Cases, 367; Lee v Dell, 39 Bark., 520; Wyndham's Trust, 1 Equity Cases, 293; Card v. Card, 39 N. Y., 323.)

4. If the designated beneficiary has no insurable interest, the policy is void. (Bayse v. Adams, 81 Ky., 374.)

CHIEF JUSTICE QUIGLEY DELIVERED THE OPINION OF THE COURT.

The American Legal Aid Society was incorporated by an act of the General Assembly of the Commonwealth of Kentucky, approved January 30, 1878, its object being "to provide financial aid to the widows, orphans, heirs, legatees and assigns of its deceased members."

Section 6 of the act provides: "The applicant may, at the time of his application, designate who shall be the beneficiary; and if it be for any other person than the applicant, the said benefit shall not be liable for any debt of the applicant."

Section 20 provides: "This society being of a benevolent character, shall be free from all license fees and taxation, except as to real estate and personal property." By an act approved January 9, 1880, the name of the society was changed to that of the American Mutual Aid Society.

Section 8 of the original act provides: "Upon the death of any member of the society, the said society will pay within sixty days to the beneficiary or proper representative of the deceased member, a sum equal," etc. This section was repealed by section 5 of the act of 1880, which provides: "Upon the death of any member of the society, the beneficiary or proper rep-

resentative of the deceased member shall receive a benefit not to exceed three thousand dollars, payable within sixty days from date of satisfactory proof of death," etc. The original act was further amended February 2, 1884, so as to provide "that the business of said society was to be done in either or both of two departments, to be known as the 'Special Department,' and the 'General Department.'" In the general department, there were two distinct funds: "'The Fund for Paying Death Losses," and "The Expense Fund."

Section 10 of the act of 1884 provides: "Said society may issue and deliver to each accepted applicant for membership in said General Department a certificate of membership, the terms of which shall be prescribed in the by-laws of said society, and which shall obligate said society, within sixty days after due notice and proof to .it in writing of the death of such member, to pay to the beneficiary or beneficiaries named in said certificate such sum as may be agreed upon between said society and applicant, which sum shall constitute a basis of calculating the amount of the contribution of such applicant to the 'Fund for Paying Death Losses,' mentioned in the fourth section of this act; *but said society shall not issue certificates of membership to any applicant who designates any one as a beneficiary thereof who has not an insurable interest in the life of said applicant.*"

Charles F. Weigelman, deceased, became a member of the General Department of said society, and on the 28th day of May, 1886, said society issued to him

a certificate of membership, which in part provides: "The American Mutual Aid Society, within sixty days after the receipt of satisfactory proof thereof and a surrender of this certificate, properly receipted, do hereby covenant and promise to pay, out of the mortuary fund of this department, to such person or persons as the said member, with the consent, in writing, of the society, may have designated by assignment; or, if no assignment has been made, to Henry F. Bronger, as his interest may appear, or to his legal representatives, at its office in Louisville, Kentucky, an amount as provided in number fourteen of the rules, regulations and conditions of this certificate; but in no case shall there be paid an amount exceeding two thousand dollars."

In the application for insurance Henry F. Bronger is the name of the person for whose benefit the insurance is proposed, and his relationship to Weigelman is stated to be that of creditor. Weigelman died a member of said society in good standing.

In March, 1887, Bronger brought suit in the Jefferson Court of Common Pleas against said society, to recover the full value of said certificate. Judgment was rendered in his favor, which afterwards was affirmed by the Court of Appeals. Pending these proceedings, the society brought suit in the Louisville Chancery Court, to which Bronger was made a defendant, to have the funds of the society in the General Department distributed *pro rata* among several claimants of death losses, there not being enough funds on hand to pay each of said claimants in full, and by a judgment of that court it was ascertained

Weigelman v. Bronger.

that the distributable share of Bronger would be nine hundred and sixty-one dollars and sixty-eight cents, which was to be held in the custody of the court until the final determination of the suit between Bronger and said society. Before an order of court was made directing the payment of this fund to Bronger, Minnie Weigelman filed her petition in the suit, and asked that it be made her answer and counter-claim against the society and a cross-petition over against Bronger. She alleges that Bronger had no insurable interest in the life of her husband; that he was not a creditor of her husband at any time, and that the notes which he claimed to hold against him were without consideration and void; that they had been executed for money lost and won at gaming, &c.; that her husband died without children, and that she, as his widow, is entitled to said fund and the benefit of said certificate and insurance.

Defendant Bronger demurred generally to the petition of Minnie Weigelman, which was overruled, but the defendant having replied, on rejoinder thereto by plaintiff the defendant demurred generally to the rejoinder, which being carried back to the petition, the court sustained, and the plaintiff declining to plead further, her petition was dismissed. She prosecuted an appeal to the Superior Court, which reversed the judgment of the lower court, and from said judgment an appeal has been certified to this court.

It is manifest from the act of incorporation of the society, and of the acts amendatory thereof, that it was never contemplated or intended that a third per-

son should have the benefit of any insurance taken out by a member, unless he had an insurable interest in his life and was named as the beneficiary in the certificate, or held the same by proper transfer or assignment from the insured. If no beneficiary was named in the certificate, or one named who had no insurable interest in the life of the insured, the loss was to be paid to the proper representative of decedent, who, by the construction of this court, is meant to be the widow and children, if any, and not the personal representative of the decedent. If the member desired, he could divert the fund from his widow and children to a third person having an insurable interest in his life, but if he failed to do so, it went to the widow and children, if any, and not to his estate for the payment of debts.

As Minnie Weigelman was not a party to the suit of Bronger against said society, nor a privy of either of the parties thereto, she was not bound by the judgment rendered therein, nor estopped in this action to assert her claim by reason thereof.

Wherefore, the judgment of the lower court is reversed, with directions to overrule the demurrer to the answer, counter-claim and cross-petition of Minnie Weigelman, and for further proceedings consistent with this opinion.