CASE 107—PETITION EQUITY—FEBRUARY 19.

## Caudell v. Woodward.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. BENEFIT SOCIETIES—WHO MAY BE BENEFICIARIES.—The various provisions of the charter and constitution of the United Order of the Golden Cross, a benevolent institution, when considered together, require that the benefit certificate shall name as beneficiary some one of the family of the member, or some one dependent on him.

2. INSURANCE FOR BENEFIT OF ONE NOT HAVING INSURABLE INTEREST.—Even if the law of the order could be so construed as to allow

the member to name a stranger as beneficiary, the certificate would be void as to the stranger, as life insurance can not be taken out for the benefit of a person who has no insurable interest in the life of the insured; and it is immaterial whether it is done at the instance of the beneficiary or done voluntarily by the insured.

3. EFFECT OF NAMING INELIGIBLE BENEFICIARY.—The benefit certificate in this case being payable one-half to the son of the member and one-half to a "friend," the son, the only child of the member, is entitled to the whole of the fund. While the designation of the "friend" as a beneficiary is void, the contract of insurance is not thereby invalidated.

JOHN W. BARR, JR., FOR APPELLANTS.

1. The charters of benefit societies govern as to who may be beneficiaries. The question of insurable interest has no place in questions of this nature. The benefit certificate is in the nature of a devise. (Duvall v. Goodson, 79 Ky.; Ky. Mut. Ins. Co. v. Miller, 13 Bush, 494; Gaines v. Ky. Grangers' Mutual Benefit Society, 11 Ky. Law Rep., 580; Masonic Ben. Asso. v. Bunch, 19 S. W., 25; Van Bibber v. Van Bibber, 82 Ky.)

2. If it were necessary that there should be an insurable interest to uphold this certificate, the valuable interest which Matilda Woodward had in her own life would be sufficient to sustain it. This case does not fall within the rule against wagers, because Catherine Caudell did not procure insurance on the life of Matilda Woodward, but Matilda Woodward procured insurance on her own life. (May on Insurance, sec. 106; Conn. Mut. Life Ins. Co. v. Shaefer, 94 U. S., 457.)

3. Where the charter provides for the payment of a sum of money upon the death of a member to his family, *or as he may direct*, the member may direct as his beneficiary any person, *whether a member of his family or not*. (Nilback on Benefit Societies, sec. 184; 16 Am. & Eng. Enc. of Law, p. 48, note; Supreme Lodge v. Martin, 12 Ins. L. J.; Mitchell v. Grand Lodge, 30 N. W. Rep.; Tennessee Lodge v. Ladd, 5 Lea (Tenn.); Genty v. Supreme Lodge, 23 Fed. Rep.; Lamont v. Hotel Men's Mut. Ben. Asso., 30 Fed. Rep.; Lamont v. Grand Lodge, 31 Fed. Rep.)

There is nothing in the decisions of the appellate courts of this State opposed to this view. In none of the cases in this State has this particular question been passed upon. (Masonic Life Ins. Co. v. Miller, 13 Bush, 493; Duvall v. Goodson, 79 Ky.; Van Bibber v. Van Bibber, 82 Ky.; Weisert v. Muehl, 81 Ky.; Shillinger v. Boes, 85 Ky.; Gaines v. Ky. Grangers' Society, 11 Ky. Law Rep.; Leaf v. Leaf, 13 Ky. Law Rep.; Klotz v. Klotz, 14 Ky. Law Rep.; Hotopp v. Hotopp, 9 Ky. Law Rep.)

4. If Catherine Caudell has no right to the $1,000 given her by the certifi-

cate issued to Matilda Woodward, the sum does not pass to James. Woodward, but remains with the order. (Niblack on Ben. Soc., sec. 272; Bacon on Ben. Soc., sec. 241; Knights of Honor v. Watson, 15 Atl! Rep., 125; Spare v. Home Ins. Co., 15 Fed. Rep.)

M. A., D. A. & J. G. SACHS for appellees.

1. This is a charitable and benevolent association, establishing a fund for the aid of the members and their family. (Pages 75-76 (charter), secs 3-36; sec. 2 and sec. 3.)

    The charter names who the beneficiaries shall be, and nothing that the member or the corporation, or both, can do, can take the fund from such beneficiaries. (Gaines v. Ky. Grangers' Mut. Ben. Soc., 11 Ky. Law Rep., 580; Ky. Mut. Ben. Soc. v. Howe, 9 Ky. Law Rep., 198; Hotopp v. Hotopp, 9 Ky. Law Rep., 649; Gibson v. Ky. Mut. Ben. Soc., 8 Ky. Law Rep , 520-521.)

2. The provisions of the charter are to be liberally construed in favor of families of members, and are parts of the contract of insurance. (Ky. Mut Ins. Co. v. Miller, 13 Bush, 494; Basye v. Adams, 81 Ky., 368; Weisert v. Muehl, 81 Ky., 336; Van Bibber v. Van Bibber, 82 Ky., 347; Shillinger v. Boes, 85 Ky., 357.)·

3. Mrs. Caudell can not recover, because she has no insurable interest in the life of Mrs. Woodward. (Hotopp v. Hotopp, 9 Ky. Law Rep , 649; Weigelman v. Bronger, MS. Opinion, filed January 23, 1893; Warnock v. Davis, 104 U. S., 462; Caunack v Lewis, 15 Wallace, 643; Franklin Life Ins. Co. v. Hazzard, 41 Black (Ind.), 121; Missouri Valley Life Ins. Co. v. Sturges, 18 Kansas, 93; May on Insurance, 398.)

4. The corporation can not claim the insurance fund on the ground that, if Mrs. Caudell can not take it, it must remain with them. They can not plead *ultra vires* to their own executed contract. (Palmer v. Welch, 132 Ills , 142-145; Cook on Life Insurance and Benefit Societies (1891), p. 106; Ridge v. The New England Mut. Co , 146 Mass., 186 (1888); Britton v. Regal Arcanum, 46 N. J., 109 (1889); Supreme Lodge Knights of Honor v. Nairn, 60 Mich., 44-55 (1886); Weigelman v. Bronger,96 Ky., 132.)

5. The judgment of the lower court must be affirmed, because the contract of insurance was not copied into the record. (Huffaker v. National Bank of Monticello, 13 Bush, 644; Jones v. Jackson, 13 Ky. Law Rep., 253; City of Covington v. Chesapeake & Ohio R., MS. Opinion, November 17, 1892 )

JUDGE HAZELRIGG delivered the opinion of the court.

Mrs. Matilda Woodward, deceased, was a member .of the United Order of the Golden Cross, a benevo-

lent institution, organized under the laws of the State of Tennessee, but a subordinate commandery of which had been organized at Louisville.   The purpose of the order was to unite, fraternally, persons of every honorable profession, business, &c., to give moral and material aid to the members, and to establish a benefit fund, out of which, upon the death of a member, a sum of not exceeding two thousand dollars should be paid in accordance with the provisions of the charter and constitution to be hereafter considered.

The certificate of Mrs. Woodward was payable, onehalf to her son, James Woodward, and one-half to *her friend*, Catherine Caudell.   In the contest over this fund the court below adjudged the whole of it to the son, and Caudell has appealed.

It is agreed by both sides that the charter of the incorporation and the constitution of the commanderies contain the law by which the fund is to be controlled and the case determined.   The former provides that the objects of the order are :

1. "To unite fraternally all acceptable men and women.   *

2. "To give all moral and material aid in its power to members.   *   *   .

3. "To establish a benefit fund, from which a sum, not to exceed two thousand dollars, shall be paid at the death of each member to his or her family, or to be disposed of as he or she may direct.

4. "To establish a fund for the relief of sick and distressed members," &c.

The constitution provides, among the objects of the order, as follows :

3. "To establish a benefit fund, from which, on satisfactory evidence of the death of a beneficiary member of the order, who has complied with all its lawful requirements, a sum not exceeding two thousand dollars, in each class, shall be paid, as he or she may have directed while living and as contained in the benefit certificate."

Section 2, of General Law, No. II, under the head of Benefit Certificates, provides thus:

"Applicants shall enter upon the medical examiner's blank *the name or names of the members of their family, or those dependent upon them,* to whom they desire their benefit paid, and the same shall be entered in the benefit certificate by the Supreme Keeper of Records."

Further, in an exhibit purporting to have been filed with Mrs. Caudell's answer, which is a circular issued by the order, we find among the objects of the order this significant provision:

3. "To establish a benefit fund, from which, on the satisfactory evidence of the death of a member, who has complied with all lawful requirements of the order, a sum not to exceed two thousand dollars, shall be paid to the benficiaries (members of his or her family), and as contained in the benefit certificate."

We have thus quoted at length these various provisions with respect to the benefit fund of the order, because it seems to us, they clearly convey but one meaning, and that is, that the beneficiary of the certificate must be one of the member's family or one dependent on him.

In this respect the objects of the order are in accord

with those of the numerous benevolent associations in our country, and which have the support and hearty countenance of the law. Any other construction would open the flood-gates of speculative insurance and at once frustrate the humane and generous purposes of the order. The member may direct, but he must do so within the restrictions evidently contemplated by the organic law of the society, and confine his choice to some member or members of his family, or to some one or more of those dependent on him. We construe the organic law of the order, therefore, as limiting the choice or direction of the applicant as provided in the constitution, and which requires him to name the member of his family, or some one dependent on him, as the beneficiary of the certificate. Moreover, if the law of the order is to be so construed as to allow the member to name a stranger, the certificate would be void as to the stranger, and under the policy of our law the appellant, the mere friend of Mrs. Woodward, could not take; for nothing is better settled in this State than that one obtaining a policy of insurance on the life of another, must have an insurable interest in the life of that other. It is said, however, that the appellant did not, in fact, obtain the insurance; that the assured voluntarily did so for the other's benefit. It may be that in this case all the dangerous features are, as a matter of fact, wanting, nevertheless, the dangerous principle remains.

If the law denouncing speculative insurance may be avoided by simply having the insured voluntarily take out on his life a policy of insurance, payable to his *friend*, we may soon witness a similar state of case in

our criminal courts as is now being heralded by the daily press in States where the courts have been more liberal in construing the law of insurable interest.

As has been well said, such a system of insurance "is an incitement to murder that is irresitible by persons of large greed and small conscientiousness." The cases of Basye v. Adams, &c., 81 Ky., 368, and Leaf v. Leaf, 92 Ky., 166, are corroborative of these views.

The contract of insurance, however, is not invalidated by the designation of a person prohibited by law to be a beneficiary. The appellee, a member of the deceased member's family, is entitled to the fund. (Cook on Life Insurance and Benefit Societies, (1891), page 106; Weigelman v. Bronger, 96 Ky., 132.)

Judgment affirmed.