THE PRUDENTIAL INSURANCE COMPANY *v.* HUNN.

[No. 2,629.   Filed February 1, 1899.]

LIFE INSURANCE.— *Insurable Interest. — Contract. — Complaint. —* Where an insurance company contracts with the person whose life is insured to pay the sum insured to another person, it is not necessary for such other person, in an action brought by him upon the policy, to show that he had an insurable interest in the life of the insured. *p. 527.*

SAME.—*Insurable Interest.*—A person has an insurable interest in his own life, and may cause a policy of insurance to be issued thereon, and appoint any one to receive the money in case of his death during the existence of the policy. *p. 527.*

SAME.—*Insurable Interest.*—A policy of insurance issued to one person upon the life of another, the former having no insurable interest, is void as against public policy. *pp. 527, 528.*

SAME.—*Insurable Interest.—Complaint.*—A complaint on an insurance policy by the mother upon the life of her son, which shows that the mother was the contracting party, is bad as against a demurrer, where it is not shown that the mother had an insurable interest in the life of the son. *pp. 529, 530.*

SAME.—*Contract.—Insurable Interest.—Complaint.*—Plaintiff in an action on a life insurance policy cannot be permitted to claim that the complaint declares upon a policy issued to her, and also that it declares upon a policy issued to the person whose life was insured. *pp. 530, 531.*

From the Vanderburgh Circuit Court. *Reversed.*

*J. E. Williamson,* for appellant.

*James B. Rucker,* for appellee.

BLACK, C. J.—The complaint by the appellee, Minnie Hunn, against the appellant, contained two paragraphs, both based upon a certain policy of life insurance. A demurrer to each paragraph for want of sufficient facts was overruled. The verdict for the appellee was expressly based upon the second paragraph, by which it was alleged, in substance, that the appellant, in consideration of the quarter-annual payment of $4.88, to be paid to it on or before the 27th day of February, May, August and November in every year, executed to the appellee a policy of insurance on the life of Thomas S. Hunn for $1,000, on the 27th day of May, 1895, a copy of which policy was made an exhibit. It was further alleged that said Thomas S. Hunn died on the 30th day of August, 1896, in the city of Evansville, Vanderburgh county, in this State; that the appellee was his mother, and that the policy was made payable to her as such; that proofs were furnished the appellant of the death of said Thomas S. Hunn on the 26th day of September, 1896; that the appellee performed all requirements of said policy on her part to be performed, and all quarter-annual premiums were paid to the appellant, and receipted for by it; that by consent and agreement of the appellant the time for the payment of the quarter-annual premium or payment which fell due on the 27th day of August, 1896, was extended by it to the 31st day of August, 1896, at which time it was fully paid to it; that the payment of said sum of $1,000 had been demanded of the appellant, and payment had been refused, although the same was due; wherefore, etc. In the policy filed as

an exhibit, the appellant promised to pay "unto Minnie Hunn, beneficiary, mother of Thomas S. Hunn, of," etc., "herein designated as the insured, or, if the insured survive the beneficiary, to the executors, administrators, or assigns of the insured, one thousand dollars, immediately on acceptance of satisfactory proofs of the death of the insured," etc. The first paragraph was, in effect, the same as the second, except that the first did not contain an averment of demand (which was not necessary, the action being upon a promise to pay a certain sum of money at a specified place to a designated person, upon acceptance of satisfactory proofs of the death of a person named during the continuance of the contract), and except, also, that, the first did not contain an allegation of extension of time for payment of the premium.

The complaint does not show in either paragraph that the appellee had any insurable interest in the life of Thomas S. Hunn, unless the averment that he was her son be a sufficient showing in that regard. Where the insurance company contracts with the person whose life is insured to pay the sum insured to another person, it is not necessary for such other person, in an action brought by him upon the policy, to show that he had an insurable interest in the life insured. A person has an insurable interest in his own life, and he may effect such insurance, and appoint any one to receive the money in case of his death during the existence of the policy. *Provident, etc., Ins. Co.* v. *Baum*, 29 Ind. 236; *Franklin Ins. Co.* v. *Sefton*, 53 Ind. 380; *Continental Ins. Co.* v. *Volger*, 89 Ind. 572; *Elkhart, etc., Assn.* v. *Houghton*, 103 Ind. 286; *Amick* v. *Butler*, 111 Ind. 578; *Burton* v. *Continental, etc., Ins. Co.*, 119 Ind. 207. A policy issued to one upon the life of another, the former having no insurable interest in the life of the latter, is void; it being

a wagering policy, and in contravention of public policy. *Franklin Ins. Co.* v. *Hazzard*, 41 Ind. 116. In that case it was said: "In our opinion, no one should hold a policy upon the life of another in whose life he had no insurable interest at the time he acquired the policy, whether the policy be issued to him directly from the insurer, or whether he acquired the policy by purchase and assignment from another." See, also, *Amick* v. *Butler*, *supra*. It is not necessary that the insurable interest appear on the face of the policy, but it must be shown in an action thereon. Whether or not a person to whom a policy is issued on the life of another has an insurable interest in the life insured is a question of law, dependent upon the facts; and, in a pleading based upon the policy, the facts from which the conclusion of law may be drawn should be stated. *Franklin Ins. Co.* v. *Sefton*, *supra*. In *Burton* v. *Continental Ins. Co.*, *supra*, it was decided that, as a rule, a grandfather is under no legal obligation to support or provide for his grandchild, and that, though this relationship be stated in the complaint, the court cannot, as a matter of law, infer from this fact alone such an insurable interest in the life of the grandfather as will uphold a policy issued upon his life directly to the grandchild. In *Continental Ins. Co.* v. *Volger*, *supra*, which involved a policy of insurance taken out by a daughter on the life of her mother, it was said: "It will be observed that the complaint does not show that the appellee had, at the time of receiving the policy, or afterwards, any insurable interest in the life of her mother, the assured, unless the fact of the relationship of mother and daughter gave her such interest. The law is well settled that a policy taken by and payable to one upon the life of another, in the continuance of whose life the assured has no pecuniary interest, is void, as

being against public policy. * * * The insurable interest in the life of another must be a pecuniary interest. Some of the authorities tend in the direction that near relationship, as between parent and child, is a sufficient foundation upon which to rest an insurable interest. But this view is not sustained by the weight of authority." It was held in that case that, in an action upon a policy taken out by one upon the life of another, the complaint must state facts showing that the former had an insurable interest in the life of the latter.

In the complaint before us the appellee is represented as a contracting party, and the argument on behalf of the appellee proceeds in part upon the same theory. It is also claimed in argument that the policy shows that the person whose life was insured contracted with the appellant. A policy of life insurance is property. It is a chose in action. The question as to who is the owner thereof, with right to sue thereon, when there has been no assignment of the contract, depends upon the question with whom was the contract made, to whom was the policy issued, by the insurance company. In *Continental Ins. Co.* v. *Volger, supra,* it was said: "It was alleged in each paragraph of the complaint that the appellee insured the life of his mother; that the policy was payable to the appellee, and that she paid seven annual premiums thereon. Though the policy was payable to the appellee, it may be, if it had been taken out and the premiums paid by her mother, that the latter, as claimed in the first cause of demurrer. would be the real party in interest, and that in such case the action should have been brought by her. * * * But as the appellee took out the policy and paid the premiums, we think she should be regarded

as the real party in interest;"—the complaint of the appellee in that case being in two paragraphs, one seeking specific performance of the contract in the policy to issue a paid-up policy, and the other seeking judgment in a certain sum for premiums paid by the appellee on the policy. See, also, *Elkhart, etc., Assn.* v. *Houghton, supra.* In case the person insured is only nominally the contracting party, while the beneficiary named in the policy, "has in reality procured the insurance and paid the premiums, then, in order that the transaction may be taken out of the category of wagering contracts, the beneficiary must have had an insurable interest of a pecuniary character, or of that nature, either present or prospective, at the time the policy had its inception." *Amick* v. *Butler, supra.* In *U. B. Mutual Aid Soc.* v. *McDonald,* 122 Pa. St. 324, 330, 15 Atl. 439, 1 L. R. A. 238, it was said, that "although the policy states that the first annual payment of $24 was paid by McDevitt [the person on whose life the policy was issued] the plaintiff [McDonald] unequivocally testified that he paid all the money that was paid on it. It is very plain from all the testimony that McDevitt simply suffered the use of his name; that the insurance was effected at the suggestion of McDonald or McDonald's wife, at their own expense, for their exclusive benefit." It was held that, the plaintiff having no insurable interest in the life of McDevitt, there was nothing to support the policy.

The policy set forth as an exhibit in the case before us might have been executed to the appellee, as alleged in the complaint. There is nothing in the policy which is necessarily inconsistent with this averment in the complaint. It is a well settled and necessary rule that a complaint must proceed upon some definite theory. The appellee cannot be permitted to claim that the

complaint declares upon a policy issued to her, and also that it declares upon a policy issued to the person whose life was insured. It must be treated as a complaint on a policy executed to the appellee, and therefore cannot be held sufficient on demurrer.

The judgment is reversed.