CASE 3.—ACTION BY CLARENCE RUPP AGAINST THE WESTERN LIFE INDEMNITY COMPANY.—April 26, 1910.

## Rupp v. Western Life Indemnity Co.

Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

Thos. R. Gordon, Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Insurance—Life Insurance—Insurable Interest—Necessity.— One obtaining a policy of insurance on the life of another, or who induces another to take out a policy for his benefit, must have an insurable interest.

2. Insurance—Life Insurance—Beneficiaries—Who May Be— Insurable Interest.—One may take out insurance on his own life, pay the premiums, and name as beneficiary another not related to him, or having no insurable interest in his life.

EDWARDS, OGDEN & PEAK for appellant.

HENRY BURNETT and BECKLEY & SCOTT for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing:

Appellant, Clarence Rupp, brought this suit against appellee, Western Life Indemnity Company, on two policies of insurance alleged to have been issued upon the life of his uncle, Geo. McCormack, appellant being named in both policies as the beneficiary. The petition is in two paragraphs, in each of which it is sought to recover $1,000, the amount of each of the policies, and is in the form usually employed in bringing such actions, except it is alleged that, "by the directions and under the instructions of the assured, Geo. McCormack, the defendant, issued the policies payable to this plaintiff, and this without this plaintiff's instance, request or knowledge." Appellee's answer was composed of five paragraphs; to some of which a demurrer was filed, but never acted upon as to the answer, but was carried back to and sustained as to the petition. Plaintiff declined to amend his petition, and the court dismissed it upon the ground that appellant, a nephew of McCormack, had no insurable interest in his uncle's life; that such a contract partook of the nature of a wager, and was void as being against public policy. And this is the only question necessary or proper to be considered upon this appeal.

This court has held in several cases that a person could not take out an insurance policy on the life of another, pay the premiums, and become himself the beneficiary, unless he had an insurable interest in the life of the person insured, for the reason that such would be a wagering contract, and violative of public policy. The court did not hold such contract of insurance void, but only held that the person who had no insurable interest and obtained the policy, and paid the premiums thereon, could not collect it. This, however, is not the question before us. The

point is:   Has a person a right to obtain a policy,
pay the premiums, and name any person he wishes
as beneficiary?   This is the first time this question
has been brought directly before this court.   Appel-
lee's counsel contend that such a policy cannot be en-
forced, even though the beneficiary named in   the
policy had nothing to do with procuring it, and was
ignorant of its issual, and cite the following Kentucky
cases, which they claim support their position: Cau-
dell v. Woodward; 96 Ky. 646, 29 S. W. 614; Leaf
v. Leaf, 92 Ky. 166, 17 S. W. 354, 854, 13 Ky. Law
Rep. 486, Embry's Adm'r v. Harris, 107 Ky. 65, 52
S. W. 958, 21 Ky. Law Rep. 714; Griffin's Adm'r v.
Equitable Assurance Society, 119 Ky. 856, 84 S. W.
1164, 27 Ky. Law Rep. 313, and Schlamp v. Berner's
Adm'r, 51 S. W. 312, 21 Ky. Law Rep. 324.   The
question before us was not in issue in any of the cases
cited, and was not considered, except by a slight ref-
erence in the first-styled case.   The opinions in the
first two cases referred to construe contracts of in-
surance issued by what are known as ''assessment or
benevolent associations,'' and the court decided them
upon the construction of the organic law governing
these associations.   In the case of Embry's Adm'r
v. Harris, supra, Harris as the surety of Embry to a
bank for nearly $4,000, obtained a policy on the life
of Embry, payable to his (Embry's) estate for the
sum of $5,000, and   the policy was   placed in the
hands of Harris to indemnify him against loss as
such surety.   The court upheld that contract.   In the
case   of   Schlamp, etc., v. Berner's Adm'r, supra,
Mary Berner took out a policy on her life, which was
made payable to her administrator.   She afterwards
assigned the policy to her cousin, Barbara Schlamp.
The court held that Barbara Schlamp had no insura-

ble interest in the life of Mary Berner, and took no interest in the policy by reason of the assignment of the policy to her. It will be observed that these opinions do not touch the question before us, except the Caudell case, which we will refer to hereafter. The exact question before us was thoroughly considered in the case of Hess' Adm'r v. Segenfelter, etc., 127 Ky. 348, 105, S. W. 476, 32 Ky. Law Rep. 225, 14 L. R. A. (N. S.) 1172, 128 Ann St. Rep. 343. The policy in that case was issued by a benevolent association, and the opinion was based upon and controlled by sections 678 and 680 of the Kentucky Statutes; but the question at bar was thoroughly considered and the following conclusion announced: "All the courts of last resort, with possibly one exception, and the text-writers on insurance generally, are agreed that a person may take out insurance on his own life and designate whom he pleases as the beneficiary. This doctrine is based upon the sound and sensible theory that it is not reasonable to suppose that a person will insure his own life for the purpose of speculation, or be tempted to take his own life, in order to secure the payment of money to another, or designate as the beneficiary a person interested in the destruction and not in the continuance of his own life. Vance on Insurance, section 49; Heinlein v. Imperial Insurance Co., 101 Mich. 250, 59 N. W. 615, 25 L. R. A. 627, 45 Am. St. Rep. 409; Morrell v. Trenton Mutual Life Ins. Co., 10 Cush. [Mass.] 282, 57 Am. Dec. 92; Connecticut Mutual Life Insurance Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 251; May on Insurance, section 112; Bliss on Insurance, section 76; Bacon on Insurance, section 729; Beach on Insurance, section 861; Joyce on Insurance, section 729; Bloomington Mutual Benefit

Association v. Blue, 120 Ill. 121, 11 N. E. 331, 60 Am. Rep. 558; Union Fraternal League v. Walton, 109 Ga. 1, 34 S. E. 317, 46 L. R. A. 424, 77 Am. St. Rep. 350; Prudential Ins. Co. v. Hunn, 21 Ind. App. 525, 52 N. E. 772, 69 Am. St. Rep. 380; N. W. Masonic Aid Association v. Jones, 154 Pa. 99, 26 Atl. 253, 35 Am. St. Rep. 810; Albert v. Mutual Life Ins. Co., 122 N. C. 92, 30 S. E. 327, 65 Am. St. Rep. 693. On the other hand, what is known as 'wagering or gambling insurance' is universally condemned, and our court, in harmony with the doctrine generally prevailing, is strongly committed to the principle that a person cannot himself procure insurance upon a life in which he has not an insurable interest, growing out of a kinship, dependency, or the relation of debtor and creditor, nor obtain an assignment of such insurance; nor will a person be permitted to insure his own life for the benefit of another, if that other induces him to procure the insurance and pays the premiums thereon, or there is any evidence tending to show that the insurance was obtained with a view to avoid or evade the law against speculative insurance.''

This is a sound and reasonable rule, and if it were otherwise it would be in conflict with the universal doctrine that a person who is compos mentis can give away his property to any person he pleases; it would operate to render invalid all devises to persons not closely enough related to have an insurable interest in the life of the testator. What reason can be given warranting the declaring of an insurance policy void when a friend, a stranger in blood, is made the beneficiary by the assured, that would not apply with the same force to a testator devising property to a person not having an insurable inter-

est in the life of the testator? Yet such devises have been universally upheld. Is it possible that a beneficiary in an insurance policy, such as is alleged in the case at bar, would have a greater desire for the premature death of the assured and take steps to produce it, than a creditor would, especially Harris, who was only the surety of Embry in the case, supra, and in which case the policy was upheld and declared not to be a wagering contract? In the cases of Hill v. United Life Ins. Association, 154 Pa. 29, 25 Atl. 771 35 Am. St. Rep. 807, and N. W. Masonic Aid Association v. Jones, 154 Pa. 99, 26 Atl. 253, 35 Am. St. Rep. 810, the Supreme Court of Pennsylvania said: "A man may insure his own life, paying the premium himself, for the benefit of another, who has no insurable interest, and that such a transaction is not a wagering policy. This results from the right which a man has to dispose of his own property." The following cases also sustain this principle: Prudential Ins. Co. v. Hunn, 21 Ind. App. 525, 52 N. E. 772, 69 Am. St. Rep. 380, and Scott v. Dickson, 108 Pa. 6, 56 Am. Rep. 192. In the last-named case the identical question involved in this case was considered, and the court said: "Policies of this nature are in no sense wagering. It would be denying a man's right to do what he will with his own to say that he could not in any form insure his life for the benefit of an indigent relative, or a friend to whom he felt under obligations. And the fact that he continues to pay the premium himself, and retains the control of the policy up to the time of his death, leaves no room for speculation or the improper practice which a few years ago brought such scandal upon the life insurance business in this state."

It is claimed that in the case of Caudell v. Woodward supra, establishes a different principle. That case was decided upon the organic law of a fraternal order, but language is used in the opinion which, seemingly, sustains appellee's contention. However, the conclusion reached in the case at bar is also announced in that opinion; that is, one who obtains a policy of insurance on the life of another must have an insurable interest in the life of that other. The opinion in that case also announced the doctrine that one is prohibited from inducing another to take out insurance, or become the owner of such insurance by assignment, unless he has an insurable interest in the life of that other; and that Mrs. Woodward, a stranger, could not recover on the policy, because it is well settled that one obtaining a policy of insurance on the life of another, or who induced another to take out a policy for his benefit, must have an insurable interest. All these propositions are fundamental and sound in law. There is nowhere, however, any reason given in the Caudell case why a person cannot take out insurance on his own life, pay the premiums, and make a person who is not related to him the beneficiary; nor could there have been presented any reason against it that would not have applied with equal force to a gift of the same amount by will as well.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.