**FYFFE v. MASON et al.**

**METROPOLITAN LIFE INS. CO.**

**v.**

**MASON et al.**

**MASON**

**v.**

**METROPOLITAN LIFE INS. CO. et al.**

Court of Appeals of Kentucky.

March 26, 1954.

Rehearing Denied June 11, 1954.

Diederick & Lycan, Ashland, for Matthew Fyffe.

Frank C. Malin, Ashland, for Metropolitan Life Ins. Co.

H. R. Wilhoit, Grayson, for Jesse Mason, etc., and Landon Mason, etc.

CULLEN, Commissioner.

Ida H. Mason, whose life was insured in one policy of the Metropolitan Life Insurance Company, and in another policy of the Commonwealth Life Insurance Company, died under mysterious circumstances on February 22, 1943. Her cousin, Matthew Fyffe, was named as beneficiary in both policies. The administrator of Miss Mason's estate, and Miss Mason's mother, brought action against the insurance companies, seeking recovery on the policies. Fyffe was joined as a defendant. The main theory on which the administrator sought recovery was that Fyffe had murdered Miss Mason, thereby forfeiting his rights as beneficiary, and the policies therefore inured to the benefit of Miss Mason's estate. Another theory of the administrator was that Fyffe had been named as beneficiary only for the purpose of securing a small debt owed him by Miss Mason, and that her estate was entitled to all of the proceeds of the policies above the amount of the debt. The theory of the mother was that Fyffe had been named as beneficiary under a promise to use the proceeds of the policies to support the mother, and he having failed to perform the promise, she was entitled to the proceeds. Fyffe denied that he had murdered Miss Mason, or promised to support her mother, or that the policies were issued to secure a debt, and he cross-petitioned against the insurance companies, seeking to recover under the policies as beneficiary. The companies denied all liability, maintaining that the policies were procured at the inducement and on the instigation of Fyffe, as part of a plan culminating in the murder of Miss Mason, and therefore the policies were void in their inception.

While the civil action was pending, Fyffe was tried three times on a charge of murdering Miss Mason. The first trial resulted in a hung jury. On each of the next two trials he was convicted, but both convictions were set aside by this Court, on appeal, on the ground that the evidence was insufficient to sustain a conviction. See Fyffe v. Com., 301 Ky. 165, 190 S.W.2d 674, and Fyffe v. Com., 305 Ky. 760, 205 S.W.2d 335. The indictment then was filed away.

After the criminal charge had been filed away, the civil action was brought to trial. By agreement, it was tried on the records of the three criminal trials, with some supplemental depositions. The court found that Fyffe was not the motivating cause of

the procurement of the policies; that the naming of Fyffe as beneficiary was not for the purpose of securing a debt or to provide for the support of the mother; but that Fyffe had murdered Miss Mason. Accordingly, judgment was entered in favor of the administrator, against the insurance companies, for the amounts of the policies.

The Commonwealth Life Insurance Company elected not to appeal, and was permitted to pay into court the amount adjudged against it, to be held "until the right thereto is finally adjudged, and subject to the further orders of this court." Appeals were filed by Fyffe, Miss Mason's mother, and the Metropolitan Life Insurance Company. On Fyffe's appeal, the Commonwealth Life Insurance Company was not named as an appellee.

■ The administrator has moved to dismiss the appeals by Fyffe and the Metropolitan, on the ground that the action was one for a declaratory judgment and the appeals were not filed within the time allowed under section 639a–5 of the Civil Code of Practice (now, as amended, KRS 418.060). It is true that in the original petition the action was denominated as one for a declaration of rights, but upon the defenses being interposed, and Fyffe's cross-petition being filed, the action assumed the character of an ordinary action in equity. In fact, after the judgment had been entered in the order book, it was stipulated that "this case has been considered, prepared for trial and tried as an equity action and on the equity docket," and that "the record for appeal shall be prepared and the appeal taken and prosecuted as an equity case." Although the appellants later asked for an extension of time for filing the appeal, apparently acting on the assumption that the declaratory judgment statute was applicable, we think they should not be penalized for that. The situation here is similar to that in Bowles v. Stilley's Ex'r, Ky., 254 S.W.2d 504, in which the Court said, in effect, that the suit for a declaratory judgment had been converted into a suit in equity. The asserted ground for dismissal is not sustainable.

■ The administrator has moved to dismiss the appeal by Fyffe on the further ground that the Commonwealth Life Insurance Company is a necessary party to the appeal and should have been named as an appellee. As we interpret the order under which Commonwealth paid into court the amount of the judgment against it, the money is to be held by the court pending the outcome of this appeal, and if Fyffe is successful the money merely will be paid to him rather than to the administrator or the mother. Therefore, Commonwealth is not a necessary party to the appeal, and the second ground for dismissal also is not sustainable.

On the merits of the case, we will first consider the appeal by Metropolitan, involving the contention that its policy was void ab initio and therefore it is liable to no one. The substance of Metropolitan's argument is that Fyffe, having no insurable interest in the life of Miss Mason, induced her to take out the insurance for his benefit, and therefore the policy was void as violating the public policy against wagering or speculative insurance. See Hess' Adm'r v. Segenfelter, 127 Ky. 348, 105 S.W. 476, 14 L.R.A.,N.S., 1172; Rupp v. Western Life Indemnity Co., 138 Ky. 18, 127 S.W. 490, 29 L.R.A.,N.S., 675. While Metropolitan also argues that Fyffe caused the policies to be issued as part of a plan contemplating the murder of Miss Mason, and that he did murder her, the company maintains that the policy was void regardless of this second element.

■ The trouble with Metropolitan's argument is that the proof does not support it. The evidence is uncontradicted that Miss Mason alone called on the insurance agents and procured the policies to be issued. Neither of the agents at any time saw or met Fyffe. There is absolutely no evidence that Fyffe paid the premiums. While there is some evidence that Miss Mason discussed the policies with Fyffe after they were issued, there is no evidence that he suggested, encouraged or contributed in any way to the procurement of the policies. There is at the most a mere suspicion, aris-

ing from all the circumstances, that Fyffe induced Miss Mason to take out the insurance for his benefit. Under the evidence we cannot say that the trial court erred in finding as a fact that Fyffe was not the motivator of the insurance. Accordingly, the policy must be considered to be valid, and enforceable by someone.

■ Concerning the mother's claim that the policies were issued pursuant to an agreement by Fyffe to support her, we agree with the chancellor that the evidence was not sufficient to establish any such contractual arrangement. Also, we concur in the chancellor's finding that the policies were not intended to serve merely as security for a debt owed by Miss Mason to Fyffe.

The final question is whether the evidence supports the finding of the chancellor that Fyffe murdered Miss Mason. As previously stated, the civil case was tried on the records of the three criminal cases, with some supplemental depositions. The depositions do not furnish any additional proof of guilt, so the question turns on the proof taken on the criminal trials.

The evidence taken on the second and third criminal trials is stated in detail in our opinions in Fyffe v. Com., 301 Ky. 165, 190 S.W.2d 674, and Fyffe v. Com., 305 Ky. 760, 205 S.W.2d 335. The evidence on the first trial, which resulted in a hung jury, was not materially different from that on the second trial, and therefore does not require separate consideration or discussion.

On the first appeal to this Court, following Fyffe's conviction at his second trial, we concluded that the verdict of guilty was flagrantly against the evidence. Fyffe v. Com., 301 Ky. 165, 190 S.W.2d 674, 680. Some additional evidence was introduced at the third trial, but again, on appeal, this Court found that the evidence was not sufficient to sustain a conviction. Fyffe v. Com., 305 Ky. 760, 205 S.W.2d 335, 338.

■ It is argued that because in a criminal prosecution the evidence must be sufficient to establish guilt beyond a reasonable doubt, whereas in a civil action a lesser quantum of proof is required, our opinions on the criminal appeals are not controlling. This argument would have merit except for the fact that in our opinions on the criminal appeals we did not base the decision on the narrow ground that there was insufficient proof to establish guilt beyond a reasonable doubt, but on the much broader ground that the verdicts of guilty were *flagrantly* against the evidence. This broad ground is the same that is used in determining whether a directed verdict should be given, or a verdict set aside, in civil cases. Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877.

A determination that a verdict is flagrantly or palpably against the evidence is equivalent to a finding that reasonable minds could not have reached the conclusion evidenced by the verdict. Obviously, this goes far beyond a mere determination that a reasonable doubt might exist concerning the fact found by the verdict.

■ We recognize that in equity cases the rule has been that the appellate court will not disturb the finding of the chancellor unless more than a doubt exists as to the correctness of the finding, Veterans Service Club v. Sweeney, Ky., 252 S.W.2d 25, or unless the finding is clearly erroneous, Ilari v. Ewing, 314 Ky. 182, 234 S.W.2d 293 (see now Civil Rule 52.01). However, if a verdict of a jury finding certain facts is flagrantly against the evidence, necessarily a decision of a chancellor, finding the same facts on the same evidence, would leave reasonable minds with more than a doubt as to its correctness, and would be clearly erroneous.

■ It must be remembered that the chancellor in the case before us did not see the witnesses, but made his finding on substantially the same written record that was before us on the criminal appeals. It was the opinion of this Court on those appeals that the finding of the jury that Fyffe had murdered Miss Mason was flagrantly against the evidence. We are forced to the same conclusion concerning the chancellor's finding.

The judgment is reversed on the appeal by Matthew Fyffe, with directions to enter judgment in his favor against the Metropolitan Life Insurance Company and the Commonwealth Life Insurance Company. On the other appeals the judgment is affirmed.

CAMMACK, J., not sitting.