CASE 13.—ACTION BY E. T. STURGES' ADMINISTRATOR AGAINST WILLIAM B. STURGES AND OTHERS TO SETTLE THE ESTATE OF HIS INTESTATE.— June 7.

## Sturges, Etc., v. Sturges, Etc.
## Same v. Sturges' Administrator, Etc.

Appeal from Jefferson Circuit Court.

2nd Chancery Division, SAMUEL B. KIRBY, Judge.

From the judgment the defendants, except L. M. Sturges, appeal.—Affirmed.

1. Wills—Property Passing—Damages for Death—Under Const. Sec. 241, and Ky. Stats., 1903, Sec. 6, recovery may be had for wrongful death, and the proceeds become a part of decedent's estate, where he leaves no wife, parents, or children, to go to his relatives after the payment of his debts.     Under Ky. Stats., 1903, Sec. 4839, a will takes effect as if executed immediately before the testator's death.     Sec. 4825 authorizes one to will any estate he may be entitled to at his death.  Held, that damages recovered by an administrator for decedent's wrongful death do not pass under the will.

2. Executors—Payment of Debts—Property Available—Right of Action for Causing Death—Under the express terms of Ky. Stats., 1903, Sec. 6, recovery for wrongful death is subject to the payment of decedent's debts where he leaves no wife, par-

ents, or children, and is properly applied to the discharge of lien debts against devised property.

3. Insurance—Mutual Benefit Association—Charter—Amendment. —The Legislature could amend the statute under which a mutual benefit insurance association was organized so as to limit the scope of business authorized under its charter in so far as the amendment did not impair the obligation of existing contracts.

4. Same—Who May be Beneficiary.—In 1894 a mutual benefit association was chartered to insure its membership and to pay the death benefits to the members' families, executors, etc. House Bill No. 370, Sec. 6 (as amended 97 Ohio Laws, p. 422), provides such associations shall pay the benefits only to the family, heirs, etc. Held, that the association's charter was amended by the act, and that policy contracts entered into between it and its members after the act took effect must conform to it, and hence insured could not validly designate his estate as beneficiary.

5. Same—Void Designation—Right of Former Beneficiary.—A beneficiary's rights under an insurance policy are unaffected by a void attempt to substitute beneficiaries.

W. PRATT DALE for appellees.

1. The sum of $4,000.00 collected as damages passes under the will of the decedent as other personal estate.

(a) History of legislation on above subject: General Statutes, c. 57, sec. 1; General Statutes, c. 57, sec. 3; Givens v. Ky. Cent. R. R. Co., 89 Ky., 231; C., N. O. & T. P. R'y Co. v. Pruitt, 92 Ky. 223; Schoolcraft v. L. & N. R. R. Co., 92 Ky., 233; Newport News, etc., R. Co. v. Deutzel, 91 Ky., 48; Henderson's admr. v. Ky. Cent. R. R. Co., 86 Ky., 389; Jordan's admr. v. C., N. O. & T. P. R. R. Co., 89 Ky., 40; Constitution of Kentucky, sec. 241; Debates in Constitutional Convention, vol. 4, pp. 4715-4720; Thomas' admr. v. Royster, 98 Ky., 206; Wright v. Wood, 96 Ky., 56.

(b) Argument and authorities: Givens v. Ky. Cent. R. R.Co., 89 Ky., 231; L. & N. R.R. Co. v. McElwain, 98 Ky, 700; Marvin v. Maysville St. R'y Co., 49 Fed. Rep., 436; Berg v. Berg's admr., 105 Ky., 80; Carlson v. Oregon, etc., R'y Co., 28 Pac. Rep., 499; Holmes v. Oregon & Cal. R'y Co., 5 Fed Rep., 543; Ladd v. Foster, 31 Fed. Rep., 827; Holland v. Brown, 35 Fed. Rep., 43; Philo v. I. C. R. R. Co., 33 Ia., 47; Roach v. Imperial Mining Co., 7 Fed. Rep., 698; Little Rock, etc., R'y Co. v. Townsend, 41 Ark., 382; B. & O. R. R. Co. v. Wrightman, 29 Gratt., 431; Harper v. N. &

W. R. R. Co., 36 Fed. Rep., 104; Ky. Stats., sec. 4825; Ky. Stats , 1043.

2. If said fund does not pass under the will, then it is first liable to be subjected to the payment of debts and must be exhausted before subjecting any of the estate passing under the will: Givens v. Ky. Cent. R. R. Co., 89 Ky., 231; Marvin v. Maysville St. R'y Co., 49 Fed. Rep., 436; Am. & Eng. Ency. of Law, 2d ed., vol. 8, p. 956; O'Malley's admr. v. McLean, 23 Ky. Law Rep., 2258; Minor's Institutes, Vol. 3, p. 584; Underhill on Wills, sec. 373, p. 515; Am. & Eng. Ency. of Law, 2d ed., vol. 19, p. 1300; McCampbell v. McCampbell, 5 Litt., 95; Marsh v. Marsh, 10 B. M., 360; Broadwell v. Broadwell's admr., 4 Met., 291; Alexander v. Waller, 6 Bush., 330; Palmer v. Armstrong, 2 Dev. Eq. (N. C.), 268; Swann v. Swann, 5 Jones Eq., 299; Whitehead v. Gibbons, 10 N. J. Eq., 237; Ky. Stats., sec. 1403.

Real estate devised should be exonerated from all liens and mortgages out of the personal estate: Page on Wills, sec. 765, p. 908; Higbie v. Morris, 53 N. J. Eq., 173; Slack v. Emery, 30 N. J. Eq., 458; in re Riegelman's est., 174 Pa. St., 476; Gould v. Winthrop, 5 R. I., 319; Turner v. Laird, 68 Conn., 198.

3. The sum of $3,000.00 collected from two policies of insurance was properly distributed to the appellee in his individual capacity: Niblack on Mut. Ben. Societies, sec. 230; Joyce on Insurance, vol. 2, sec. 753; Cooley's Briefs on Insurance, vol. 4, p. 3776; Elsey v. Odd Fellows, etc., 142 Mass., 224; 7 N. E., 844; Smith v. Boston & Maine R. R. Assn., 168 Mass., 213; 46 N. E., 626; Supreme Commandery, etc., v. Merrick, 163 Mass., 374; 40 N. E., 183; Love v. Clune (Colo.), 50 Pac. Rep., 34; Supreme Council, etc., v. McGinniss (Ohio), 53 N. E., 54; Grace v. Northwestern, etc., Assn., 87 Wis., 562; 58 N. W., 1041; Kult v. Nelson, 53 N. Y. Supp., 95; DiMessiah v. Gern, 30 N. Y. Supp., 824; Brown v. Grand Lodge, etc., 208 Pa., 101; 57 Atl., 176; Coyne v. Bowe, 48 N. Y. Supp., 937; affirmed in 161 N. Y., 633; 57 N. E., 1107; Ky. Mas. Mut. Life Ins. Co. v. Miller, 13 Bush., 489; Lovett v. Lovett, 26 Ky. Law Rep., 300; Leaf v. Leaf, 92 Ky., 168.

The appellee was not estopped from asserting his claim: Faris v. Dunn, 7 Bush., 287; Seibert v. Bloomfield, 23 Ky. Law Rep., 646; Hilton v. Colvin, 25 Ky. Law Rep., 1809; Bigelow on Estoppel, p. 445; Am. & Eng. Ency. of Law, 2 ed., vol. 11, p. 387.

4. If the designation of the appellee, L. M. Sturges, as the beneficiary of said policies, was revoked by the subsequent designation by the decedent of his estate, then the proceeds of the policies become a part of the personal estate of the deceasd and distributable in the same manner as any other personal estate:

Basye v. Adams, 81 Ky., 368; Gaines v. Gaines, 99 S. W., 600; Revised Statutes of Ohio, sec. 3630.

J. MORTON MORRIS for appellant, AMANDA STURGES.

### STATEMENT OF FACTS—CONTENTIONS OF THIS APPELLANT.

1. Proceeds of policies of insurance payable to the estate of E. T. Sturges should have been distributed as any other estate left by him: Sec. 3630, Revised Statutes of Ohio; Basye v. Adams, 81 Ky., 368; Briggs v. Earl, 139 Mass., 473; 1 N. E., 847; Amer. Legion of Honor v. Perry, 140 Mass., 580; 5 N. E., 634; Addison v. Association, 144 Mass., 591; 12 N. E., 407; Brierley v. Equitable Aid Union, 170 Mass., 218; 48 N. E., 90.

. (a) Rights of beneficiaries are vested where no power reserved to change the beneficiary: Basye v. Adams, 81 Ky., 368; Weisert v. Muehl, 81 Ky., 336; Nuckols v. Mutual Benefit Society, 16 Ky. Law Rep., 270; Ky. Mutual Life Insurance Co. v. Miller, 13 Ky. Law Rep., 489; Duvall v. Goodson, 79 Ky., 294.

(b) Where, however, the by-laws of the company permit a change to be made, the interest of the beneficiary is not vested. It is only an expectancy which will be defeated by a subsequent change: Hopkins v. Hopkins, 92 Ky., 325; Wirgman v. Miller, 98 Ky,. 620; Wrather v. Stacy, 82 S. W., 420.

2. The Act of April 27, 1896, of the State of Ohio, was not intended to repeal or amend the statute under which this company was organized, and did not limit the classes of beneficiaries named in the charter of the company: Sherman v. Commonwealth, 82 Ky., 102; Commonwealth v. Wetherbee, 105 Mass., 149; Farmer v. State, 7 S. W. (Tex.), 220; Goodman v. Jedidjah Lodge (Md.), 9 Atl., 13; Bolton v. Bolton, 73 Me., 229; Erdman v. Mut. Ins. Co., 44 Wis., 376; Supreme Commandery v. Ainsworth, 71 Ala., 443; State v. Critchett (Minn.), 32 N. W., 787; Washington Life Ins. Co. v. Glover, 25 Ky. Law Rep., 1327; Mut. Life Ins. Co. v. Cohen., 179 U. S., 262.

3. Said Act of April 27, 1896, could not be retroactive, even if intended to amend the charter of this company: Constitution of Ohio, art. 2, sec. 28; Dartmouth College v. Woodward, 4 Wheat., 636; Deposit Bank v. Daviess County, 102 Ky., 184.

4. No person had any insurable interest in the life of E. T. Sturges except himself, and his estate was the only beneficiary which could be legally designated: Basye v. Adams, 81 Ky., 368; Wolf v. Pearce, 20 Ky. Law Rep., 296; Caudell v. Woodward, 96

Ky., 651; Van Bibber v. Van Bibber, 82 Ky., 347; Wiegelman v.
Bronner, 96 Ky., 646; Beard v. Sharp, 100 Ky., 606; Embry's
admr. v. Harris, 107 Ky., 61; Continental Life Ins. Co. v. Volger.,
89 Ind., 572; 46 Am. Rep., 185.; Burkon v. Conn. Mut. Life Ins. Co.,
21 N. E., 746; Conn. Mut. Life Ins. Co. v. Schaefer, 94 U. S., 460;
Washington Central 'Bank v. Hume, 128 U. S., 204; Union Fra-
ternal League v. Walton, 34 S. E., 317; Loomis v. Insurance Co.,
6 Gray, 379; Metropolitan Life Ins. Co. v. Brown, 65 N. E., 909;
Cooley's Briefs on Insurance, vol. 1, p. 252.

5. It is not necessary for a legatee under a will to have an
insurable interest in the life of the testator: Weil v. Trafford, 3
Tenn. Chan., 108; Catholic Knights of America v. Kuhn, 91 Tenn.,
214; Lamont v. Grand Lodge, 31 Fed. Rep., 181; Harding v. Lit-
tlehale, 150 Mass., 100.

6. If any doubt exists as to the disposition of the proceeds of
the policies, the evident intent of the decedent should prevail:
Absalom W. Gaines v. Laura Gaines (Decided February 6, 1907);
Bacon on Benefit Societies, sec. 255; Cooley's Briefs on Insurance,
vol. 1, p. 701; Elsey v. Odd Fellows, 142 Mass., 224; Amer. Legion
of Honor v. Perry, 140 Mass., 580; Cooley's Briefs on Insurance,
vol. 1, p. 643; Morton v. Supreme Council, 100 Mo. App., 76; 73
S. W., 259; People v. Commercial Alliance Ins. Co., 48 N. Y.
Supp., 389.

JACOB SOLLINGER for appellants.

P. J. COSGROVE, S. R. CREWDSON, C. S. WILTSIE of counsel.

POINTS AND AUTHORITIES.

1. The sum of three thousand dollars ($3,000), proceeds of two
policies in the Locomotive Engineers' Mutual Life and Accident
Insurance Association upon the life of the decedent, E. T Sturges,
should pass to the heirs at law of the decedent, because the stat-
ute law of the State of Ohio, under which the said Locomotive En-
gineers' Mutual Life and Accident Insurance Association was char-
tered, limited the beneficiaries of fraternal beneficiary societies
to the "families, heirs, blood relatives, affianced husband or affi-
anced wife or persons depending upon the members:" Ohio Stat-
utes, sec. 3630; Ohio Act of April 27, 1896, House Bill No. 370.

(1) Is the Locomotive Engineers' Mutual Life and Accident
Insurance Association a fraternal beneficiary association, and
was it such on January 1, 1901, and on November 13, 1903?

(2) Was it operating under and recognized as such an associa-

tion under the Act of April 27, 1896, on January 1, 1901 and on November 13, 1903?

(3)   Was the Act of April 27, 1896, an amendment to the statutory law of Ohio on fraternal beneficiary societies? If so, in what manner did it change the existing laws?

(4)   Did the Act of April 27, 1896, affect the charter of the Locomotive Engineers' Mutual Life and Accident Insurance Association? If so, was that act retroactive or unconstitutional?

(5)   Were persons joining that association after that date bound by that act?

(6)   Is Amanda Sturges of the classes prescribed by the laws of Ohio? Can the law be defeated by a general devise? What becomes of the fund?

(a)   The designation by the decedent of "his estate" as the beneficiary of these policies was a valid designation: Bromley's admr. v. Washington Life Ins. Co., 92 S. W., 17; Bayse v. Adams, etc., 81 Ky., 268; in re Smith, 81 N. Y. Sup., 725; Sulz v. M. R. L. F. Asso., 145 N. Y., 563; Pace v. Pace, 19 Fla., 438; 3 Am. & Eng. Enc. of Law, 2 ed., 978; Norwich Union Fire Ins. Co. v. Prude et al (Ala.), 40 S. Rep., 322; Globe Ins. Co. v. Boyle, 21 Ohio Stats., 119; Wolf v. Pierce, 20 Ky. Law. Rep., 296; Loos v. John Hancock Ins. Asso., 41 Mo., 538; Schultz v. Citizens' M. L. Ins. Co., 59 Minn., 308; Warneky v. Lembecca, 71 Ill., 91; Griswell v. Sawyer, 125 N. Y., 411; Clinton v. Hope Ins. Co., 45 N. Y., 460 Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591; Moale et al v. Mayer, etc., of Baltimore, 61 Md., 238; Joyce on Ins., vol. 1, sec. 310; Insurance Co. v. Bledsoe, 52 Ala., 538; Hendricks v. Thornton, 45 Ala., 299; Knickerbocker Life Ins. Co. v. Weitz et al, 99 Mass., 157; Bishop v. G. L. E. O. of M. A., 112 N. Y., 627; Janda v. Bohemian Roman Catholic First Central Union, 71 App. Div., 150; Kunkel v. Workman's S. and D. Benefit Fund, 68 App. Div., 385; Hellenberg v. I. O. of B. B., 94 N. Y., 580; Fink v. Fink, 171 N. Y., 618; 64 N. E., 506; Thomas v. Thomas, 131 N. Y., 205; 30 N. E., 61; 27 Am. St. Rep., 582; Gundlach v. Germ. Ins. Co., 4 Hun. 339-341; Ballou v. Gile, 50 Wis., 614; 7 N. W., 561; Durian v. Central Verein, 7 Daly, 168; Arthur v. Odd Fellows' Ben. Assn., 29 Ohio Stats., 557; Greeno v. Greeno, 23 Hun., 478-482; Kentucky M. M. L. I. Co. v. Miller's admr., 12 Bush., 489; City of New Orleans v. estate of Samuel Stewart, 28 La Annual Rep.; Sprawl v. Lawrence, 33 Ala., p. 686; Commonwealth v. Kimball, 24 Peck, 370.

(b)   The attempted devise of the proceeds of these policies to decedent's sister-in-law (no blood relation) was void because she did not come within the classes limited by the laws of the State of Ohio.

2.   The appellee, Luther M. Sturges, by his conduct in this action, in insisting that the proceeds of these policies should pass to Amanda Sturges under the will, waived any rights (if any) which he may have had to the proceeds of these policies, and is now estopped from setting up any claim to the same in his individual capacity: J. W. Mount v. L. & N. R. R. Co., 2 Ky. Law Rep., 221; National Bank of Stanford v. Reed, 4 Ky. Law Rep., 346; Hargis v. Burgin, 4 Ky. Law Rep., 627; Murry v. Bright, 9 Ky. (2 A. K. Marshal), 146; Pollard v. Taylor, 5 Ky., (2 Bibb), 234; Gentry v. Barnett, 22 Ky. (6 T. B. Monroe), 113; Phillips on Code Pleadings, p. 255, sec. 273; Phillips on Code Pleadings, par. 434, p. 456; Bacon on Benefit Societies and Life Ins., par. 420; Robbins v. Treadway, etc., 25 Ky. (2 J. J. Marshall), 540; Edward A. Ferguson, etc., v. Solomon Meredith, etc., 68 Sup. Ct. Rep., 604 (1 Wall, 25-43).

3.   Query.  If the heirs at law are entitled to the proceeds of these two policies are they entitled to the same with interest from the date they were paid to administrator?

Civil Code, sec. 90; Alexander v. Grand Lodge, 119 Ia., 519; Knights Templars v. Graton, 209 Ill., 550; Supreme Lodge K. & L. of H. v. Rehg, 116 Ill. App., 59; Supreme Lodge Knights of Honor v. Lapp's admr., 74 S. W., 656; Gore v. Buck, 17 Ky., 209; Carr's Ex'r. v. Robinson, 71 Ky., 269; Reynolds v. Powers, (Ky.) 29 S.W., 299; Cooke v. Clark's Committee, (Ky.) 51 S. W., 316.

4.   The sum of four thousand dollars recovered from the Louisville & Nashville Railroad Company for the death of the decedent by wrongful act does not pass under his will, and should not go to increase the value of the devise to the sole and general devisee.

(a)   It does not pass under the will: Ky. Stats., sec. 6; City of Chicago v. Major, 18 Ill. Rep., 358; L. N.A. & C. P. R. R. v. Doodykoontz, 119 Ind., 113; Caruthers' Trustee v. Neal, etc., 12 Ky. Law Rep., 567; O'Malley's admr. v. McLean, etc., 23 Ky. Law Rep., 2258; Needham v. Grand Trunk R. R. Co., 38 Vt., 294; Steel admr. v. Kurtz, 28 Ohio, 195; Jeff. R. v. Swain, 36 Ind., 485; Chicago R. R. Co. v. Morris, 26 Ill., 402; Snedecker v. Snedecker, 164 N. Y., 63.

(b)   This damage fund is not primarily liable for all the debts against decedent's estate to the exclusion of his general estate: Black on Interpretation; Endlich on Interpretation.

5.   In a general devise the words "my estate" mean the decedent's net estate after the payment of his debts and the costs of administration: Smith v. Terry, 43 N. J. Equity Rep., 666; Reed v. Addington, 4 Ves., 575; Bardwell v. Bardwell, 10 Pick., 19; Briggs v. Hosford, 22 Pick., 288; Trustees of Jefferson College v.

James C. Dickson et al, 1st Freeman (Miss. Chancery Rep.), 483; Ky. Stats., sec. 2084.

6.   In a general devise mortgage and lien debts are not properly claims against the decedent's general or personal estate: Ency. or Law and Procedure, p. 464 (G); Fallon v. Butler, 21 Cal., p. 24; Toulouse v. Burkett, 10 Pac. Rep.; Fish v. De Laray, 66 N. W., p. 265; Smith v. Gilman, 80 Ala., p. 300; Miller v. Helm, 2 S. & M., p. 687.

7.   Appellants are entitled to attorneys' fee and expenses of this contest out of the funds in controversy: Louisville Presbyterian Theological Seminary v. Botto, 80 S. W., 177.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Affirming.

The decedent, E. T. Sturges, a bachelor, who was a railroad engineer was killed in a collision of his engine with another train in the month of November, 1903.   He had previously made and published his last will and testament, under which he devised and bequeathed to his sister-in-law, Amanda Sturges, all of his estate and property of every kind, but not naming it specifically.   The heirs at law of E. T. Sturges were a full brother, the appellant William B. Sturges, a half-sister, the appellant Manabel P. Sturges, and a half-brother, appellee L. M. Sturges.   The decedent's mother and father were both dead.   The real estate owned by the decedent consisted of a lot upon which he was building a house, but which had not been quite completed at the time of his death.   He also held the title to the lot on which he lived with the family of L. M. Sturges, the appellee.   The decedent had mortgaged both lots for the purpose of obtaining funds to erect the building on the vacant lot.   He owned personal estate to the amount of about $900.   The mortgage debt and the balance owing to the contractor amounted to about $2,600.   He had an

insurance upon his life in the Travelers' Insurance
Company for $1,000. It was an accident policy, and
was payable to L. M. Sturges individually. He also
had two policies of insurance of $1,500, each in the
Locomotive Engineers' Mutual Life & Accident In-
surance Association. These last-named policies were
taken out on the 1st of January, 1901. His half-
brother, L. M. Sturges, was named as the beneficiary
of each of them. The decedent's will was executed
24th of September, 1902. On the 23d day of Octo-
ber, 1903, he changed the beneficiary in both the last-
named policies, and made them payable to his estate.
The administrator of the decedent presented a claim
for damages against the railroad company in whose
service decedent lost his life because of its negligent
destruction. The claim was compromised by the rail-
road company's paying the administrator $4,000 in
settlement of it. This action was brought by the
administrator against the devisees and the heirs at
law of decedent and the lien creditors to settle the
estate. The devisee, Amanda Sturges, claimed the
whole of the personal estate under the will, including
the $4,000 collected from the railroad company, and
the $3,000 collected from the Locomotive Engineers'
Mutual Life & Accident Insurance Association. Her
husband, L. M. Sturges, claimed the $3,000 of insur-
ance just mentioned. Decedent's brother, William B.
Sturges, and his half-sister, Manabel Sturges,
claimed that the $3,000 of insurance did not pass
under the will, because the charter of the insurer
restricted the beneficiaries to those who were the
blood relations of the insured; consequently, that it
was not competent for the insured to name any other
beneficiary than blood relations, and that his attempt
to do so by his will, if it should be construed that the

will embraced the insurance, was void. They also claim that under the statutes the recovery from the railroad company for the destruction of the life of the decedent was not personal estate which he had the right to dispose of by will, but it passed under the statutes of this State to his heirs at law. The circuit court adjudged the $3,000 of insurance to L. M. Sturges, the beneficiary originally named in the policies. It adjudged that the $4,000 recovered from the railroad company constituted a part of the personal estate of the decedent, which under the statute in this State was applicable, first, to the payment of the costs of administration, and then to the payment of his debts. Among the debts to which the $4,000 was applied was the mortgage debt upon the real estate, and the balance of the builder's claim above alluded to. As this real estate had been devised to Mrs. Amanda Sturges by the will of the decedent, it results that the application of the money recovered by way of damages to the satisfaction of these debts went to relieve the devised real estate from the burden which it bore at the time the will took effect. Wm. B. Sturges and Manabel Sturges have prosecuted this appeal, in which they complain that the judgment was wrong in each of the particulars mentioned. Mrs. Amanda Sturges also prosecutes an appeal from the judgment because the court adjudged the $3,000 of insurance to her husband, L. M. Sturges, instead of to her.

We will first take up the item of $4,000 collected from the railroad company. This fund was recovered and is distributable under the provisions of section 6 of Kentucky Statutes of 1903, which is as follows: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful

act, then in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same, and when the act is wilful or the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased. The amount recovered, less funeral expenses and the cost of administration, and such costs about the recovery, including attorney fees as are not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order, viz: (1) If the deceased leaves a widow or husband, and no children or their descendants, then the whole to such widow or husband. (2) If the deceased leaves either a widow and children or a husband and children, then one-half to such widow or husband and the other one-half to the children of the deceased. (3) If the deceased leaves a child or children, but no widow or husband, then the whole to such child or children. If the deceased leaves no widow, husband or child, then such recovery shall pass to the mother and father, of deceased, one moiety each, if both be living; if the mother be dead and the father be living, the whole thereof shall pass to the father; and if the father be dead and the mother living, the whole thereof shall go to the mother; and if both father and mother be dead, then the whole of the recovery shall become a part of the personal estate of the deceased; and after the payment of his debts, the remainder, if any, shall pass to his kindred more remote than those above named, as is directed by the general law on descent and distribution." As the decedent

was never married, and therefore left no child or children, nor father or mother, surviving him, the recovery in this particular case under the statute became a part of his personal estate.

At common law there was no recovery for negligence resulting in death. The right of action of the decedent died with him. The English statute, commonly known as "Lord Campbell's Act," was the first legislation allowing a recovery for death resulting from negligence. That act gave a right of action whenever death was caused by wrongful act, negligence, or default, and provided that the proceeds of the recovery were for the exclusive benefit of certain designated members of the family of the deceased and exempt from the payment of his debts. Similar statutes have since been enacted in probably every state of the Union. Most of them are framed closely upon the same lines as laid down in Lord Campbell's act, and restrict the recovery to the benefit of the wife or kindred of the deceased. Other statutes have departed from that act, and make the recovery either a part of the deceased's personal estate, or a part of the deceased's estate upon the failure of certain specific kindred. It will be observed that the Kentucky statute follows more closely the idea last named. Before the adoption of the present Constitution, no recovery was allowed in this State for the negligent destruction of lives of employes of railroads except for wilful neglect, and then the recovery was restricted to punitive damages. Sections 1, 3, 57, Gen. St. Section 241 of the Constitution of 1891 provides as follows: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corpora-

tions and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person.' It was in pursuance of this provision of the Constitution that section 6 of the Kentucky Statutes above quoted was enacted. While it is true that the statutes, as well as the Constitution, provide that the recovery shall in certain contingencies become a part of the decedent's personal estate, it does not follow that such recovery ever constituted any part of the estate which belonged to the decedent, or that it is such an estate as he may dispose of by his last will. Section 4839, Ky. St. 1903, is: "A will shall be construed, with reference to the real and personal estate compromised in it, to speak and take effect as if it had been executed immediately before the death of the testator unless a contrary intention shall appear by the will." Section 4825, Ky. St. 1903, provides: "Every person of sound mind, not being under 21 years of age, nor a married woman, may by will dispose of any estate, right or interest in real or personal estate that he may be entitled to at his death, which would otherwise descend to his heirs or pass to his personal representatives; and though he may become so entitled after the execution of his will."

This statute was in force long before the right of recovery for the negligent destruction of life was allowed; nor has it been changed since except that now a married woman is permitted to make a will. Broadly, it gives to every person the right to dispose

by will of what he owned at his death that he might have disposed of otherwise. But damages recoverable from a tort-feasor because of the negligent destruction of the life of a person cannot be said to have ever belonged to such person. In the nature of the thing, it was impossible for him to have had a property interest in such damages, or to have made any contract with reference thereto, or to have anticipated them. It is true section 241 of the Constitution and section 6 of the Kentucky Statutes makes such recovery personal estate; but this does not and cannot confer it as property upon the deceased so as to be effective for any purpose in his life time. These provisions making the recovery a part of the estate of the deceased are manifestly for the purpose of designating the manner of its descent, of regulating the manner of its distribution, of prescribing the persons who are to take and enjoy the recovery. Such damages are inflicted upon the wrongdoer partly as a punishment for his act, and then as a compensation to those who have suffered presumably direct and pecuniary loss from the destruction of the life. These are deemed by the Legislature to be first the widow or husband, and then the children of the deceased. If there be no widow or husband or children, then his father and mother. But, if all these relations, standing in such close proximity to the deceased as to make it reasonably certain that they are directly affected in a pecuniary way by the destruction of his life, are not in existence, then, and not until then, does the recovery become a part of his personal estate. It will be observed that the statutes subject the recovery in any event first to the payment of the funeral expenses and cost of administration, and then to the costs incurred in the recov-

ery of the damages including counsel fees. What
may be left after the discharge of these items is given
by the statutes, not to the estate of the deceased,
but to those relations specifically designated in the
statute. In default of such relations, the statute then
makes the recovery a part of the decedent's personal
estate, and subjects it expressly to the payment of
his debts. No part of it is liable to the payment of
his debts unless there is a failure of the relations of
the degrees above named. After the payment of his
debts, what may be left is then given to his kindred
more remote than those above named, and it is given
in the proportion and to the persons who would take
under the laws of descent and distribution as in case
of other personal estate undevised. Thus we see that
the statute creates a peculiar estate, and provides to
whom it shall go. It never goes to the decedent. It
has never been in his control, nor was it competent,
under the language of the statute, for him, by will or
otherwise to affect or contravene the policy of the
Legislature in creating the right of recovery, and
designating who should be its beneficiaries. These
persons get this recovery, not from the decedent, but
from the statute. They get it, not because it was the
property of the decedent which the statute allows
them to inherit, but because the law allows them to
recover it from another for that other's negligent
act which has presumably and in contemplation of
law involved some loss upon the recipients named.

We therefore hold that the damages recovered
from the railroad company did not pass under the
will of the decedent.

The next question with respect to this item is:
Was it subject to the payment of the debts of the
decedent, and ought it to have been applied to the

discharge of the lien debts against the real property which he had devised? It would seem a sufficient answer to this proposition that the statute expressly makes the recovery liable to the payment of the decedent's debts. In a state of case such as we have here, whether his debts are liens or not does not seem to affect the question. They are nevertheless his debts. The creditor is entitled to have them paid out of the recovery from the railroad company. The statute also requires it. And at the common law, in the absence of a statute, it would be so applied, if it were a part of the personal estate of the decedent. Personal estate undevised is applied to the payment of debts before any other estate is. 3 Minor's Institutes, 584; McCampbell v. McCampbell, 5 Litt. 95, 15 Am. Dec. 48; Marsh v. Marsh, 10 B. Mon. 360; Broadwell's Adm'r, 4 Metc. 291; Alexander v. Waller, 6 Bush, 330; Page on Wills, section 765.

The next item to be disposed of is the insurance collected from the Locomotive Engineers' Mutual Life & Accident Insurance Association. This concern was an Ohio corporation, formed in the year 1894, to prosecute the business of life and accident insurance on the assessment plan. In its charter was this provision: "The purpose for which said corporation is formed is to transact the business of life and accident insurance on the assessment plan for the purpose of mutual protection and relief of its members and for the payment of stipulated sums of money to the families, heirs, executors, administrators, or assigns of deceased members of said association." The association was incorporated under the general laws of the State of Ohio. Its power is derived particularly under section 3630 of the Revised Statutes of Ohio, which reads as follows: "A company or

association may be organized to transact business of life or accident or life and accident insurance on the assessment plan, for the purpose of mutual protection, and relief of its members, and for the payment of stipulated sums of money to the families, heirs, executors, administrators or assigns of the deceased members of such company or association, as the member may direct, in such manner as may be provided in the by-laws, and may receive money either by voluntary donation or contribution, or collect the same by assessment on its members, and may accumulate, invest, distribute, and appropriate the same in such manner as it may deem proper.' In 1896 the Legislature of Ohio enacted a statute, known as ''House Bill No. 370'' (92 Ohio Laws, p. 360), entitled ''An act regulating fraternal beneficiary associations,'' etc. Its first section reads: ''Any corporation, society, order or voluntary association without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, and having a lodge system with ritualistic form of work and representative form of government and which shall make provision for the payment of death benefits, is hereby declared to be a fraternal beneficiary association.'' And its sixth section (as amended 97 Ohio Laws, p. 422) reads: ''The payment of death benefits shall be confined to the family, heirs, relatives by blood, marriage or legal adoption, affianced husband or affianced wife, or to a person or persons dependent on the member.''

The Locomotive Engineers' Mutual Life & Accident Insurance Association, after the adoption of the last-named act, applied to the insurance commissioner of Ohio, and was by him granted a license to transact business under its provisions, and has since

that time operated alone under its provisions. It
has been treated by the association and by the insur-
ance department as classified properly and exclu-
sively under the act of April 27, 1896. The associa-
tion was a corporation without capital stock, carried
on solely for the mutual benefit of its members and
their beneficiaries, and not for profit, and having a
lodge system with ritualistic form of work and rep-
resentative form of government. It made provision
for the payment of death benefits. Therefore it
comes clearly within the description of those corpo-
rations and societies which by the act were classified
as fraternal beneficiary associations. It was compe-
tent, undoubtedly, for the Legislature of Ohio to
amend the original charter of the association, or to
amend the statute under which it was organized so
as to limit the scope of the business authorized to be
done under its charter, especially in so far as this
amendment did not impair the obligation of any con-
tract already assumed by the association to its mem-
bers or others. When the Legislature of Ohio
adopted the act of 1896, known as ''House Bill No.
370,'' it classified all those corporations previously
organized under its laws transacting the business of
life and accident insurance on the assessment plan in
so far as they constitute fraternal beneficiary associa-
tions. This, we think, it was competent for the Leg-
islature to have done, and to have provided, as it
did in section 6 above quoted, that the beneficiaries
should be only a certain class of persons. Defendant
E. T. Sturges did not become a member of the asso-
ciation until after the passage of the act of 1896.
Therefore there was no contract between him and the
association whose obligation could have been im-
paired by the change in the law. His contract of

insurance with the association was made at a time and under provisions of the statute which limit the association to paying death benefits to the family, heirs, relatives by blood, marriage or legal adoption, and the affianced husband or affianced wife or person or persons dependent on the member. It was therefore competent for the association and the insured to have contracted that L. M. Sturges, the half-brother of the insured, should be the beneficiary of the policies, and, while the insured had the right to change the beneficiary, the one substituted must of necessity have belonged to the class permitted by the statute, else the attempted change would be void. It was not competent, then, for the insured to have designated his estate as the beneficiary of the policies. "The rule requiring beneficiaries to belong to the class prescribed in this statute refers to the statute of the State where the society is domiciled, and, if the certificate is issued in another state, the beneficiaries may be such as are permitted by the society's domicile, even though they would not be lawful beneficiaries in the foreign state." 3 Am. & Eng. Encyc. 961 (2d Ed.); United Order, etc. v. Merrick, 165 Mass. 421, 43 N. E. 127. As was said by this court in Van Bibber's Adm'r v. Van Bibber, 82 Ky. 356, 6 Ky. Law Rep. 393: "The certificate of membership constitutes the contract; but it is to be construed and governed by the company's charter. In fact, it may be said that the charter is a part of the contract; and, if it declares who, in a certain event, shall be the beneficiary, the parties cannot alter this legislative direction, because neither the company nor the insured can do anything in violation of it. ' Wist v. Grand Lodge, A. O. U. W., 22 Or. 271, 29 Pac. 610, 29 Am. St. Rep. 603; State v. Mutual Protective

Association, 26 Ohio St. 19; Weigelman v. Bronger, 96 Ky. 134, 28 S. W. 334, 16 Ky. Law Rep. 40.

Appellant's contention is that, because the attempted change of the beneficiary by the insured was void on the ground that it was incompetent for him to substitute his estate as the beneficiary under the laws of Ohio and the charter of the company, it operated as a revocation of the original designation, which would leave the fund to be distributed among the blood relations who were the heirs at law of the deceased. In 4 Cooley's Brief's on Insurance, p. 3776, the rule on this subject is thus stated: "If, however, the attempted change is invalid and ineffectual for any reason, the rights of the original beneficiary are not affected, and the original designation remains in force." It seems to us that that must be the sound rule, because otherwise an act inseparable would be held to be valid for one purpose, though invalid for the purpose for which it was intended. The result would be to disappoint every manifest intention of the actor and to substitute beneficiaries for his bounty whom he never contemplated by any expressed intention in his life. And this seems to be the rule in Ohio, where the charter contract and the rights of the parties originated. In the case of Supreme Council Benevolent Legion, etc. v. McGinness, 53 N. E. 54, 59 Ohio St. 531, the charter limited the beneficiaries to the family or dependents of the member. He subsequently changed it, making his wife and brother jointly beneficiaries. The court held that the brother was not a member of his family or a dependent, and that his designation was therefore invalid. It furthermore held that the original certificate remained in force. On this point the court said: "To attempt, therefore, to designate one who is

neither of the family of the member, nor dependent upon him, being inconsistent with the charter and the laws, was wholly ineffectual to accomplish that purpose. Nor can we assume that the deceased member intended the procuring of the second certificate to operate as a revocation of the first in the event of its invalidity as respects his brother John. The certificate of February 3, 1894, being invalid, and the liability of council for the whole amount under the first certificate being admitted, it would follow that the original certificate should be regarded as in force.'' Lockett v. Lockett, 80 S. W. 1152, 26 Ky. Law Rep. 300; Leaf v. Leaf, 92 Ky. 168, 17 S. W. 354, 384, 13 Ky. Law Rep. 486.

We conclude that the charter of the insurance company obtained in 1894 was amended by the act of 1896, and that policy contracts entered into between it and its members after the latter act took effect must be conformed to that act. Therefore it was not competent for the insured to have designated his estate as the beneficiary of his policies, inasmuch as the statute did not allow such a beneficiary. The attempted change being void, the original designation, that of L. M. Sturges, the brother, remained unaffected by the void attempt.

The judgment of the circuit court was in conformity to the views herein expressed. Wherefore it is ordered to be affirmed on both appeals.